IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT ALAN KEMP, | ) No. CV 08-384-TUC-FRZ (BPV) |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| DMI- AVIATION, INC., et al., | ) |
| Defendants. | ) |

Presently pending before the Court is Plaintiff's untimely motion for extension of time to Respond to this Court's Order to Show Cause (Doc. No. 61), Plaintiff's untimely response to this Court's Order to Show Cause (Doc. No. 64), an opposition to Plaintiff's motion for extension, and a motion to dismiss with prejudice by Defendant Morgan (Doc. No. 62), a motion to dismiss the case, with prejudice, for failure to comply with the Court's order of May 21, 2009, and the Order to Show cause issued by this Court on June 26, 2009 by Defendants Hammeroff, (Doc. No. 63), the Plaintiff's untimely motion for extension of time to file a reply and response to Defendants' motions (Doc. No. 66), and Plaintiff's untimely reply and response (Doc. No. 67.)

This action was filed on July 3, 2008. On November 7, 2008, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the complaint. On May 21, 2009, the District Court issued an order addressing the Report

and Recommendation, as well as 21 other pending motions, 15 of which were filed by Plaintiff. (Doc. No. 59.)

The District Court ordered that the First Amended Complaint be dismissed for failure to meet the pleading requirements of Rule 8 and 9, and further for failure to state a claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. No. 59.) Plaintiff was granted 30 days from the filing date of the order to file a second amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of Practice and the orders of the Court. (*Id*) Defendant's motions to dismiss were partially granted, and all other pending matters were denied as moot. (*Id*) The District Court referred the matter back to the Magistrate Judge for report and recommendation. (*Id*)

More than thirty days passed and Plaintiff failed to file a second amended complaint. On June 29, 2009, the Magistrate Judge issued an Order to Show Cause why the case should not be dismissed for failure to comply by filing a writing with the Court on July 13, 2009. (Doc. No. 60.) The order admonished Plaintiff that if he did not comply with the order the case would be dismissed.

On July 16, 2009, Plaintiff filed an untimely Motion for Extension of time to File Motion for Clarification and to Toll Time to File Second Amended Complaint and Motion for Clarification and to Toll Time to File Second Amended Complaint and Notice of Intent to File Supplemental Evidence. (Doc. No. 61.) Plaintiff asserted that an additional 75 days were needed to obtain a clarification of the Court's Order entered by the Court on May 21, 2009, and to file papers in actions pending in another "directly related case" currently on appeal in the Ninth Circuit (09-70576). Plaintiff also asserted that he was relocating back to the State of Nevada in time to file his second amended complaint as a diverse party in this action. (Doc. No. 61, at 3.) Petitioner asserted that it was critical that he obtain a decision by the Ninth Circuit as

1  it would directly bear on both the jurisdictional and legal basis of the charges brought
2  by Plaintiff within his second amended complaint.
3  On July 28, 2009, Defendant Kent Morgan filed an opposition to Plaintiff's
4  motion for extension, and a motion to dismiss with prejudice. (Doc. No. 62.) On
5  August 4, 2009, Defendants Hammeroff filed a motion to dismiss the case, with
6  prejudice, for failure to comply with the Court's order of May 21, 2009, and the Order
7  to Show cause issued by this Court on June 26, 2009. (Doc. No. 63.)
8  On August 18, 2009, Plaintiff filed an "Interim Supplemental Supporting
9  Evidence and Preliminary Official Letter Communication [July 27, 2009] To: Ms.
10 Candice M. Will, FBI - Assistant Director, ("OPR") ..." (Doc. No. 64.) This paper
11 contained 27 pages of rambling, incoherent factual and legal theories proposed by
12 Plaintiff to be the basis for his second amended complaint, and an 80 page document
13 consisting of a caption and table of contents for a second amended complaint, along
14 with numerous exhibits, but no body of the complaint. (Doc No. 64, at 29-108.) On
15 August 26, 2009, Plaintiff submitted a Plaintiff Submission of [Evidence], consisting
16 of three paragraphs and an attached affidavit. (Doc. No. 65.)
17 On August 31, 2009, Plaintiff submitted a Motion for Extension of Time to
18 File Plaintiff's Reply to Defendant Kent D. Morgan's' [Opposition to Plaintiff's
19 Motion for Extension of Tiem to File Second Amended Compalint, - Opposition to
20 Plaintiff's Motion for Extension of Time to File Motion for Clarification, - Opoosition
21 to Pliantiff's Motion to Toll Time to File Second Amended Complaint, - Motion to
22 Dismiss with Prejudice]. (Doc. No. 66.) Plaintiff noted that he believed that his reply
23 was already late, but that Defendant's had, from the inception of the action, filed
24 "virtually No Coherent Opposition nor Substantiated Objections, to ANY Evidence
25 Submitted by Plaintiff, only procedural Opposition based on FORM and or
26 PROCEDURE." (*Id*, at 2-3.) Plaintiff asserted several factual arguments regarding
27 the evidence he has submitted, and again argued that "In order to comply with the
28

Court's Order entered May 21st., 2009, Plaintiff has No Alternative but to Re-Locate to another Federal Jurisdiction, and therefore as a result, Plaintiff is Re-Locating on September 4th., 2009, to Las Vegas, Nevada. This will enable Plaintiff to maintain Diversity Jurisdiction as necessary to enable Plaintiff to now lawfully name Attorney(s): WALKER, WOODS, and BREEN, as Defendant-Person(s), within the instant proceeding within Plaintiff's: SECOND AMENDED COMPLAINT to be filed on September 4th., 2009." (*Id*, at 4.) Plaintiff filed his reply and response the same date. (Doc No. 67.)

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id* at 633.

Plaintiff failed to file his second amended complaint within the 30 day deadline ordered by the District Judge in the case, and, when given the opportunity to explain why he failed to do so, filed an untimely motion for an extension of time to file his second amended complaint. The Court notes that, again, Kemp did not make his request prior to the expiration of the court imposed deadline for service. Where a request for additional time is made after the expiration of a specified deadline, the Court may grant an extension where the failure to act is the result of excusable neglect. Rule 6(b), Fed.R.Civ.P.

Although difficult to summarize completely, the Court finds that the reasons provided by Plaintiff do not demonstrate excusable neglect nor good cause to excuse the Plaintiff's failure to timely file a second amended complaint. Plaintiff asserts that he has a case pending in the Ninth Circuit, but provides no legally sufficient explanation for why he must await a decision by the Ninth Circuit before filing a second amended complaint in this case. Plaintiff also asserted that he needed to obtain a clarification from the District Court regarding the May 21, 2009 order, but did not explain what clarification was needed, why it would delay the filing of the second amended complaint, nor did Plaintiff ever seek such clarification. Plaintiff also argues that he needed to ensure that he relocated to the State of Nevada in time to file his second amended complaint as a diverse party and that his wife terminated her employment to successfully comply with the Court's Order so that the Plaintiff can successfully prosecute this case. Diversity of citizenship is determined at the time the original, rather than the amended, complaint is filed. *Co-Efficient Systems v. CSL Industries, Inc.*, 812 F.2d 556, 557 (9th Cir. 1987); *Morongo Band of Mission Indians v. California State*, 85 F.2d 1376 (9th Cir. 1988). Plaintiff's wife's employment has no relevance to Plaintiff's response to this Court's order. Finally, Plaintiff asserts in his response that "only now at this very moment in time has Plaintiff discovered the precise operable unlawful basis in which Defendant-Person(s) have factually interfered with Plaintiffs actions to engage in the execution of interstate commerce." This appeal to the Court based on a last minute factual discovery is particularly disingenuous and unconvincing, having been used unsuccessfully by Plaintiff in a previously filed case involving the same defendants and the same issues as the present action. (*See* CV 07-428-TUC-CKJ, Doc. No. 7, 11.) The Court finds Kemp has failed to show good cause, or excusable neglect, Fed.R.Civ.P. 6(b), to grant additional time to file a second amended complaint.

Because Plaintiff is proceeding *pro se*, "the [C]ourt must construe the pleadings liberally and must afford the [P]laintiff the benefit of any doubt." *Lopez v. Department of Health Services*, 939 F.2d 881, 883-84 (9th Cir. 1991)(*quoting Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir.1988). See also Balistreri, 901 F.2d at 699("court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to technical procedural requirements.") Moreover, although proceeding *pro se*, Plaintiff is nevertheless bound by the federal and local rules of procedure. *See Ghazali*, 46 F.3d at 54 (*citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff has had ample opportunity and direction by this Court to file an amended complaint that meets the basic requirements of Rule 8(a) and the heightened requirements under Rule 9(b) alleging fraud. The District Court clearly explained the requirements of these rules to Plaintiff in its Order dated May 21, 2009, but Plaintiff has failed to comply or show good cause for the failure.

In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(citations omitted).

This case has lingered for over a year without filing of a sufficient complaint. During that time, Plaintiff has filed numerous motions, most of them lengthy, and most of them difficult to decipher, and procedurally inappropriate. The first two dismissal factors-the public's interest in expeditious resolution of litigation and the trial court's interest in docket control-strongly support the dismissal of this action. This case has consumed a large amounts of the court's valuable time that it could have

devoted to other major and serious criminal and civil cases on its docket. The district court must have the ability to preserve its power to manage its dockets without being subject to the endless vexatious noncompliance of litigants. *See Ferdick*, 963 F.2d 1261. Plaintiff has demonstrated that he is unable to timely comply with the deadlines imposed by the rules of court or by order of the court. This has necessitated much time spent by this Court and the District Court to manage a case in which Plaintiff has demonstrated no intent or good faith effort to comply with proper procedure.

As to prejudice, the Court previously noted, "Prolix, confusing complaints ... impose unfair burdens on litigants and judges." *Mchenry v. Renne*, 84 F.3d 1172, 1179 (9th cir. 1996). A court may consider '[t]he burden imposed by plaintiff on defendants in related litigation" and the amount of time and money spent in defending against poorly drafted proceeding sin present and related actions. *Id* (*citing Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674-75 (9th Cir. 1981). The District Court reviewed the docket in previously filed actions, and found that they indicated that Plaintiff Kemp and/or Aviation Technologies LTD have failed to procedurally prosecute the actions and include numerous requests for extensions. This Court previously recommended dismissal in the instant case for failure to prosecute.

Defendant Morgan asserts that this case has been in existence now for many months without the filing of a coherent Complaint. Morgan argues that there is prejudice to Defendant since Plaintiff has filed fraud and racketeering charges against him which have been outstanding for a considerable period of time, and that the stigma of operating within the business community with such outstanding charges carries a heavy toll on any businessperson in the form of disclosing information regarding pending lawsuits when filling out business questionnaires and financial affidavits when applying for loans, and that Defendant Morgan has suffered this stigma now for a considerable period of time.

Defendants Hammeroff argue that they have "waited for Plaintiff to state his claims in clear enough language for a person of ordinary intelligence to understand what relief he seeks and his theory of liability. No such writing has been forthcoming. Instead, Plainiff files one voluminous document after another seeking further extensions of time to make claims arising out of a decade old transaction." This Court agrees.

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with the rules of court and Court orders in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, upon consideration of the risk of prejudice to Defendants, Plaintiff's blatant disregard for court procedure, the numerous opportunities the Court has provided Plaintiff to comply with proper procedure and the specific direction the Court has provided to Plaintiff to assist in his compliance, the numerous the Court finds that a dismissal with prejudice is appropriate. The Complaint and this action should therefore be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that the Complaint (Doc. No. 1) and this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with an order of the court.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).   If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 08-0384-TUC-FRZ.**

DATED this 2nd day of September, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge