IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Alan Kemp, | No. CV 08-384-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| DMI-Aviation, Inc., et al., | |
| Defendant. | |

Before the Court for consideration is the Report and Recommendation of Magistrate Judge Bernardo P. Velasco, recommending that the Complaint and this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Report and Recommendation, filed September 2, 2009, sets forth the procedural history of this action.

By Court Order filed May 21, 2009, this Court granted Plaintiff leave to file a second amended complaint in compliance with the relevant pleading requirements of Federal Rules of Civil Procedure 8 and 9 and referred this action back to Magistrate Judge Velasco for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Civil Procedure.

The Court set forth the pleading and procedural requirements of bringing a proper action in light of the fact that Plaintiff is proceeding *pro se*, citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996), and explained as follows:

The 38 page First Amended Complaint in this action captions eight separate causes of action, however, the Court is unable to discern what the true causes of action, if any, are. The First Amended Complaint, as well as the subsequent filings are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008)(internal citations and quotation omitted).

"Prolix, confusing complaints ... impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179. A court may consider '[t]he burden imposed by plaintiffs on defendants in related litigation" and the amount of time and money spent in defending against poorly drafted proceedings in present and related actions. *Id.* (citing *Nevijel v. North Coast Life Ins. Co.,* , 651 F.2d 671, 674-75 (9th Cir. 1981).

The previously filed federal complaints and the state court action appear to arise from the same circumstances or facts, as best can be discerned, from a review of the filings. Plaintiff has unsuccessfully attempted to prosecute his grievances, which do not appear to present justiciable claims.

The Court found, referencing previous court orders in actions filed by Plaintiff individually or under the corporate identity Aviation Technologies LTD:

> . . . that Plaintiff has failed to bring a cause of action, starting as early as 2002, against the named Defendants, by filing different actions in different courts and venues, *pro se* as well as through the representation of counsel, or, albeit improperly, on behalf of a corporate entity.

The Court set forth the procedural history of the issues that appear to be in dispute. The Court further gave Plaintiff deference to amend in light of his *pro se* status, as follows:

> Dismissal with prejudice pursuant to Rule 41(b) is a harsh remedy, and Ninth Circuit precedent clearly establishes "that the district court 'should first consider less drastic alternative.'" *Hearns*, 530 F.3d at 1132 (quoting *McHenry*, 84 F.3d at 1178.) However, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit" and "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(b)." *McHenry*, 84 F.3d at 1179 (citing *Nevijel*, 651 F.2d at 673.
>
> It appears that the previously filed actions have been dismissed without prejudice, and thus, have not provided Plaintiff with notice of, or required Plaintiff to comply with, the pleading requirements of Rule 8. Because Plaintiff is proceeding *pro se,* "the [C]ourt must construe the pleadings liberally and must afford the [P]laintiff the benefit of any doubt." *Lopez v. Department of Health Services*, 939 F.2d 881, 883-84 (9th Cir. 1991)(*quoting Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir.1988). *See also Balistreri*, 901 F.2d at 699("court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to technical procedural requirements.") Moreover,

- 2 -

although proceeding *pro se*, Plaintiff is nevertheless bound by the federal and local rules of procedure. *See Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Magistrate Judge Velasco issued his Report and Recommendation on September 2, 2009, recommending, " upon consideration of the risk of prejudice to Defendants, Plaintiff's blatant disregard for court procedure, the numerous opportunities the Court has provided Plaintiff to comply with proper procedure and the specific direction the Court has provided to Plaintiff to assist in his compliance," that the Complaint and this action should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The parties were advised in the Report and Recommendation that, pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of the Report and Recommendation.

Plaintiff filed documents subsequent to the Report and Recommendation, however, no opposition was filed. The last filing was a Notice of Change of Address.

The Court, after careful consideration of the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), and an independent review of the record herein, specifically the warnings set forth in the Order of this Court filed May 21, 2009, orders as follows:

**IT IS ORDERED** that Magistrate Judge Velasco's Report and Recommendation [Doc. #58] is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that this action is hereby dismissed with prejudice;

**IT IS FURTHER ORDERED** that all other matters are denied as moot.

Judgment shall be entered accordingly.

DATED this 13th day of October, 2009.

FRANK R. ZAPATA
United States District Judge